UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOSEPH HAJDIK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-06-2348 |
| **FORTIS INSURANCE n/k/a TIME** § | |
| **INSURANCE, ASSURANCE HEALTH,** § | |
| **and WANDA SKOLAUT,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion to Remand (Doc. No. 6), Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 7), and Defendant Wanda Skolaut's Rule 12(b)(6) Motion to Dismiss (Doc. No. 5). For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**, Plaintiff's Motion for Leave to File Amended Complaint is **DENIED**, and Defendant Skolaut's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff Joseph Hajdik applied for a health insurance policy from Defendant Fortis Insurance ("Fortis") in June 2005. Defendant Wanda Skolaut, an insurance agent of Fortis, facilitated Mr. Hajdik's application. Specifically, she interviewed Mr. Hajdik, asking him a series of questions about his health and medical history, and filled in an application form on Mr. Hajdik's behalf. At the conclusion of the interview, Ms. Skolaut told Mr. Hajdik that Fortis would telephone him to ask additional questions, review his medical records, and then decide whether to issue a policy to him.

Fortis subsequently issued a Limited Benefit Hospital Medical Surgical policy to Mr. Hajdik that became effective on August 1, 2005.  However, when Mr. Hajdik underwent lower back surgery in November 2005, Fortis denied Mr. Hajdik's claim for medical expenses, citing his failure to disclose preexisting medical conditions on his application.  Fortis offered Mr. Hajdik a modified policy with increased premiums, which he rejected, and his policy was then rescinded in April 2006.

Mr. Hajdik filed suit against Fortis in Harris County, Texas, asserting claims for breach of contract and violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code.  Mr. Hajdik also filed suit against Ms. Skolaut in her individual capacity, alleging that she personally violated the DTPA and Texas Insurance Code by making misrepresentations regarding the insurance policy during the initial interview.  Mr. Hajdik and Ms. Skolaut are both citizens of Texas, but Defendants removed the case to this Court claiming that Ms. Skolaut was improperly joined solely to defeat diversity jurisdiction.  Ms. Skolaut then filed a motion to dismiss, and Mr. Hajdik subsequently filed a motion for leave to file an amended complaint, as well as a motion to remand.  Because this Court must determine its jurisdiction before issuing any other orders, Plaintiff's motion to remand will be addressed first .

## II. MOTION TO REMAND

Plaintiff contends in his motion to remand that removal to federal court is improper because of a lack of diversity of citizenship between the parties.  Defendants argue that Ms. Skolaut was improperly joined as a defendant only to defeat diversity and remand is therefore unnecessary.  If Ms. Skolaut was indeed improperly joined, then this Court may disregard her citizenship and exercise diversity jurisdiction over the case.  *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-218 (5th Cir. 1995).

To establish improper joinder, the removing party must show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Defendants invoke the second justification for removal in this case. To prevail on this ground, they must demonstrate that there is no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant in state court. *Id*. In order to determine whether there is such a reasonable basis, a court should conduct a Rule 12(b)(6)-type analysis in which it looks to the allegations in the petition to determine whether it states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. The court should examine the claims only as they existed at the time of removal without considering post-removal amendments. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). A court may consider affidavit testimony, but only to the extent that the factual allegations in the affidavit clarify or amplify the claims that were alleged in the controlling petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999).

Plaintiff argues that his Original Petition, in conjunction with his affidavit accompanying the motion to remand, states cognizable claims against Ms. Skolaut for violations of the DTPA and Texas Insurance Code. The Original Petition, however, references wrongdoing committed only by the "Defendants," without specifying what role Ms. Skolaut played in the alleged wrongdoing other than selling the health insurance policy to Mr. Hajdik. When there are no specific factual allegations made against the insurance agent, the Fifth Circuit has held that general allegations about the wrongdoing of "the Defendants" do not state a cause of action against the agent. *Cavallini*, 44 F.3d at 261.

Plaintiff attempts to elaborate on his claim against Ms. Skolaut in his affidavit, but even the facts contained in the affidavit do not state a cognizable claim under the DTPA or Texas Insurance Code. Texas law imposes liability on an insurance agent only if the agent "misrepresents *specific* policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages." *Griggs*, 181 F.3d at 701 (emphasis added) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998) (agent misrepresented the amount of premium due under the policy); *State Farm Fire & Cas. Co. v. Gros*, 818 S.W.2d 908 (Tex. App.—Austin 1991, no writ) (agent misrepresented that damage to home from mudslide was covered under policy)).

In this case, none of Ms. Skolaut's statements as reported in Plaintiff's affidavit amounts to a misrepresentation of a specific policy term. For example, Plaintiff's affidavit states that, as he and Ms. Skolaut were going over the application form, "she told me that they were not interested in common types of illnesses, but only major diseases, surgeries or hospitalizations." (Pl.'s Mot. Remand, Pl.'s Aff. 2). There is no suggestion that this statement was a misrepresentation, nor does it relate to a specific policy term like premiums or scope of coverage. Similarly, Plaintiff's affidavit states that "Ms. Skolaut told me that . . . the insurance company would be reviewing my medical records to determine whether it would insure me." (Pl.'s Mot. Remand, Pl.'s Aff. 2). Again, there is no indication that this was a misrepresentation, nor does the statement relate to a specific term of the policy. Finally, Plaintiff's affidavit states that "[s]he represented to me that she was answering the questions [on the application form] truthfully and appropriately based on the answers I gave her." (Pl.'s Mot. Remand, Pl.'s Aff. 3). There is, once again, no suggestion that this representation was false. Accordingly, Plaintiff's

4

affidavit does not allege any facts that would warrant liability under the DTPA or the Texas Insurance Code.

Because the Original Complaint and Plaintiff's affidavit provide this Court no reasonable basis for predicting that Mr. Hajdik might be able to recover against Ms. Skolaut in state court, the Court concludes that Ms. Skolaut was improperly joined. The Court therefore has diversity jurisdiction over this action, and Plaintiff's Motion to Remand is consequently **DENIED.**

### III. MOTION FOR LEAVE TO FILE

Concurrently with his Motion to Remand and in response to Ms. Skolaut's Motion to Dismiss, Plaintiff filed a Motion for Leave to File an Amended Complaint. The purpose of the proposed amendments is to elaborate on the factual bases for the claims asserted against Ms. Skolaut. However, the proposed Amended Complaint merely incorporates the facts stated in Mr. Hajdik's affidavit, which, as explained above, still fail to state a claim against Ms. Skolaut. Thus, the Court finds that leave to file the amended complaint would be futile, and therefore Plaintiff's motion is **DENIED**.

### IV. MOTION TO DISMISS

Ms. Skolaut has filed a Rule 12(b)(6) motion to dismiss the claims asserted against her. Because the remand analysis engaged in above employs a Rule 12(b)(6) standard, and the Court determined that neither the Original Petition nor the additional facts asserted in Mr. Hajdik's affidavit stated a claim under that standard, Ms. Skolaut's Motion to Dismiss must be **GRANTED**.

### V. CONCLUSION

Plaintiff's Motion to Remand is **DENIED**. Plaintiff's Motion for Leave to File Amended Complaint is also **DENIED**. Defendant Wanda Skolaut's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** this 11th day of January, 2007.

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**